IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CARLENE L. MATTHEIS,           )
                               )
            Plaintiff,         )   Civil Action No. 04-805
                               )
     v.                        )   Judge McVerry
                               )   Magistrate Judge Caiazza
JOHN E. POTTER, Postmaster     )
General, et al.,               )
                               )
            Defendants.        )
```

**ORDER**

For the reasons that follow, the United States' Motions for Substitution of Party (Doc. 48) and to Dismiss (Doc. 50) will be denied without prejudice, and the parties ordered to attend a status conference.

The Plaintiff has filed this employment discrimination lawsuit against the Postal Service and Robert K. Mullin, the supervisor who allegedly subjected her to sexual harassment. *See generally* Am. Compl. (Doc. 29). Ms. Mattheis brings Title VII claims against the government Defendants, and state law tort claims against Mr. Mullin in his individual capacity. *See id.*

The government has filed a Motion to substitute itself for Mr. Mullin, alleging that he acted within the scope of his employment. *See* Doc. 48 at ¶ 4. The law makes clear that, if the request for substitution is granted, the Plaintiff's tort claims are subject to dismissal under the Westfall Act,

28 U.S.C. § 2679.  *See generally* Melo v. Hafer, 13 F.3d 736, 739 (3d Cir. 1994) (Westfall Act "provides federal employees acting within the scope of their employment . . . absolute immunity from damage liability on state law tort claims").

The Attorney General ("the AG") has certified here that, "[o]n the basis of the information now available," Mr. Mullin "was acting within the scope of his employment" for the purposes of the Amended Complaint.  *See* Ex. A to Doc. 48.  Assuming the validity of this certification, it stands as *prima facie* evidence in support of the substitution request.  *See generally* Melo, 13 F.3d at 742, 747.  The burden then shifts to the Plaintiff to "com[e] forward with specific facts rebutting it."  *See id.* at 742 (citation and internal quotations omitted).  In meeting this burden, she may not rest on the allegations in the Complaint.  *Cf. id.* at 739 ("a district court need not accept the allegations of the complaint as true when deciding a motion for substitution").

The Plaintiff appears to recognize that her current opposition is insufficient.  *See* Pl.'s Opp'n Br. (Doc. 53) at 6 ("[n]o formal discovery has yet been conducted," and "discovery and an evidentiary hearing may be required in order to resolve the scope of employment issue").  The question that remains is where we go from here.

The Melo decision sets forth the appropriate standards:

> The Attorney General's certification should state the basis for his or her conclusion. If this is done, the certification will focus the subsequent proceedings . . . .
>
> If the Attorney General's certification is based on a different understanding of the facts than is reflected in the complaint, the plaintiff should be permitted reasonable discovery and should then be called upon to come forward, as if responding to a motion for summary judgment, with competent evidence supporting the facts upon which [s]he would predicate liability, as well as any other facts necessary to support a conclusion that the defendant acted beyond the scope of his employment. If the plaintiff fails to tender such evidence, the statute requires that substitution be ordered.
>
> If the plaintiff does come forward with competent evidence that would permit a conclusion contrary to that found in the certification, the defendant[s] . . ., after discovery if desired, are entitled to an evidentiary hearing at which both sides will tender their evidence on all disputes material to the scope of employment issue.
>
> Thereafter, the district court will resolve all issues of fact or law relevant to that issue and will find that the defendant did or did not act within the scope of his or her employment. If the court's finding favors the defendant, substitution must be granted. If the court determines that the defendant did not act within the scope of his or her employment, the case will proceed against the defendant employee.

*See id.* at 747-48.

The state law claims against Mr. Mullin, and the government's response thereto, present some issues within the context of the above-referenced standards.

First is the government's certification. The only apparent basis for the AG's "scope of employment" assertion is the following averment in the Amended Complaint:

> The [relevant] acts and/or omissions were performed by Defendants, individually or by <u>their agents, servants or employees acting . . . within the scope of their agency and employment</u>.

*See* Am. Compl. at ¶ 4 (emphasis added); Certif. at 1 (quoting same).

The Government apparently reads these allegations as an admission that Mr. Mullin acted "within the scope of [his] agency and employment." *See* Defs.' Br. (Doc. 49) (emphasizing text just quoted). This argument, however, ignores the pleadings' reference to "Defendants" acting in an "<u>individual</u>[]" capacity. *See* Am. Compl. at ¶ 4 (emphasis added).[1] The Government's position is not tenable and, to the extent the AG relied on it to assert scope of employment, the court has doubts as to the certification's validity.

---

[1] Even assuming the Government's interpretation can withstand scrutiny, a simple amendment would cure the purported deficiency. No undue prejudice is apparent, and leave to amend is freely given.

Turning to the Plaintiff's case, counsel has requested discovery and an evidentiary hearing regarding the "scope of employment" issue. *See* discussion *supra*. The Plaintiff infers, and the case law confirms, that the substitution issue must be addressed at the fore. *See* <u>Melo</u>, 13 F.3d at 742 ("challenges to the scope certification must be resolved before trial, as soon after the motion for substitution as practicable") (citation and internal quotations omitted). In any event, the Plaintiff's requests bring to mind the maxim "be careful what you wish for."

As the Third Circuit Court has made clear, the substitution inquiry requires the trial court to "resolve <u>all</u> issues of fact or law" relevant to the same. *See* <u>Melo</u>, 13 F.3d at 747 (emphasis added). This may extend to findings regarding whether the incidents giving rise to the lawsuit (in this case, alleged harassment including unwanted sexual touching) actually transpired. *See id.* (certification properly may assert that defendant acted within scope of employment even where "plaintiff alleges conduct . . . beyond the scope of the defendant's employment, but . . . the Attorney General determines [it] did not occur"). Such ruling(s) on the merits, moreover, may be given preclusive effect at trial. *See id.* at 748 n.8 (stating in dicta that, "[i]f the court, in the course of determining the substitution issue, necessarily finds facts that are part of the plaintiff's case on the merits, the defendant may be estopped

from disputing those facts at trial") (citation omitted).

In sum, the Plaintiff's continued pursuit of tort claims against Mr. Mullin may have a direct impact on the merits of her Title VII claims. *See* discussions *supra*; *see also generally* Am. Compl. (revealing that state law claims against Mr. Mullin are predicated on and/or intertwined with same conduct supporting Title VII claims). If Ms. Mattheis is not averse to a potential mini-trial on the merits before the court (as opposed to a jury), then proceeding in this fashion may make sense. *Compare* Melo, 13 F.3d at 747 (acknowledging that Westfall hearing may implicate plaintiffs' jury rights) *with* Am. Compl at 10 ("A JURY TRIAL IS DEMANDED") (capitalization in original). This decision should be made with eyes open, however, and the court cannot help but wonder whether the claims against Mr. Mullin are the proverbial tail wagging the dog.[2]

For all of the reasons stated above, the Defendants' Motions (**Docs. 48 & 50**) are **DENIED** without prejudice to renewal, and the Plaintiff's Motion for extension (**Doc. 57**) is **DENIED AS MOOT**.

---

[2] *Cf.* Cheryl L. Anderson, *"Nothing Personal": Individual Liability Under 42 U.S.C. § 1983 for Sexual Harassment As an Equal Protection Claim*, 19 Berkeley J. Emp. & Lab. L. 60, 102 n.268 (1998) (noting one commentator's disapproval of claims for individual employee liability "because the employer is generally the one able to provide the fullest forms of relief to the victim," having "control over reinstatement and hiring" and being better equipped to pay money damages); Dominick C. Capozzola, *Individual Liability and Retaliation: Toward a Sensible Solution*, 25 Berkeley J. Emp. & Lab. L. 401, 421 n.124 (2004) ("[i]ndividual supervisors are seldom the deep pocket") (citing other sources, internal quotations omitted).

The parties are **ORDERED** to appear for a status conference in the undersigned's chambers **on Thursday, January 26, 2006, at 9:00 a.m.**[3]

At that time, the Government should be prepared to better articulate the basis for the AG's "scope of employment" assertion. *See generally* Melo, 13 F.3d at 747 ("the [AG's] certification should [meaningfully] state the basis for his or her conclusion"). If the AG is unwilling or unable to elaborate, counsel should be prepared to present legal authority establishing the sufficiency of the current certification.

The Plaintiff may consider whether she should proceed to discovery and a Westfall hearing, or whether a voluntarily withdrawal of the individual claims against Mr. Mullin is the better course.

In the event Ms. Mattheis wishes to proceed, the court and parties will discuss the time frame for the taking of limited discovery and, if appropriate, schedule a Westfall hearing so the court may resolve all issues of fact and/or law relevant to the scope of Mr. Mullin's employment.[4]

---

[3] The conference scheduled for February 8, 2006 at 9:00 a.m. is hereby cancelled.

[4] Of course, opposing counsel remain free to communicate before the conference to determine whether some or all of these issues may be amicably resolved.

    IT IS SO ORDERED.

January 17, 2006

cc:

Stacey F. Vernallis, Esq.
Dana L. Bacsi, Esq.
Goehring, Rutter & Boehm
1424 Frick Building
437 Grant Street
Pittsburgh, PA  15219

Jessica Lieber Smolar, Esq.
Assistant U.S. Attorney

*/s/ Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge